UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CHARLES "CHED" MACQUIGG,           )
                                    )
       Plaintiff,                   )
                                    )
       v.                           )   No. 1:12-CV-01137-MCA-KBM
                                    )
The ALBUQUERQUE PUBLIC              )
SCHOOLS BOARD OF EDUCATION,         )
MARTIN ESQUIVEL, in his individual  )
capacity, DAVID ROBBINS, in his     )
individual capacity, WINSTON        )
BROOKS, in his individual capacity, )
STEVE TELLEZ, in his individual     )
capacity, MONICA ARMENTA, in her    )
individual capacity, RIGO CHAVEZ,   )
Records Custodian.                  )
                                    )
       Defendants.                  )
_____)

**PLAINTIFF'S MOTION FOR RECONSIDERATION[1]**

In its Amended Memorandum Opinion and Order of April 6, 2015 (Doc. 146) this Court expressed its understanding that, in his motion for partial summary judgment (Doc. 82), the Plaintiff was seeking a declaratory judgment that the actions taken by the defendants against the plaintiff were unlawful. The actions included ejecting or excluding the plaintiff from particular meetings and banning him from future meetings. Because the Court understood that plaintiff was seeking declarations from the Court that these acts violated Plaintiff's Fourteenth Amendment rights, the Court denied the plaintiff's motion in certain respects on the ground that a court cannot grant declaratory relief against defendants in their individual capacities or to address past conduct. Opinion, pp. 10, 15.

---

[1] In the text only Order of 6/30/15 (Doc. 153), the Court provided that Plaintiff could file this Motion for Reconsideration on or before August 5, 2015. Accordingly, this is timely filed.

It is apparent that the Plaintiff couched his motion for partial summary judgment inartfully in the sense that his counsel did not make clear to the Court that he was seeking summary judgment on those issues under Rule 56(a) for purposes of liability and, if necessary, for injunctive relief, not for declaratory relief itself. Because of this, the Court misapprehended plaintiff's position.[2]

Rule 56 allows for summary judgment on the "parts of each claim" that plaintiff placed at issue in his motion. The parts of the claims on which Mr. MacQuigg sought summary judgment included: Whether the Board's "personal attacks" policy was unconstitutionally applied to the plaintiff by the defendants, as a matter of law. Motion for Partial Summary Judgment ("MPSJ"), p. 17, *et seq.* ("Issue No. 2"); Whether defendant Esquivel, in ejecting the plaintiff from the Nov. 4, 2009 regular meeting violated plaintiff's First and Fourteenth Amendment rights as a matter of law. MPSJ p. 21 *et seq.* ("Issue No. 3"); Whether defendants Brooks and Armenta violated plaintiff's First and Fourteenth Amendment rights as a matter of law when they ejected MacQuigg from the August 19, 2010 meeting of the District and Community Relations Committee Meeting because they feared he might cause a disturbance. MPSJ, p. 23 *et seq.* ("Issue No. 4); Whether defendant Robbins violated plaintiff's First and Fourteenth Amendment Rights, as a matter of law, when he ejected the plaintiff from the Audit Committee meeting of

---

[2] A motion for reconsideration is appropriate when a Court misapprehends a plaintiff's position regarding an issue raised via motion for summary judgment. "The court's denial of summary judgment is an interlocutory order. Thus, this court 'may revisit i[t] ... at any time prior to final judgment under ... its inherent authority.' A motion for reconsideration, however, is limited in its scope. 'A motion to reconsider is appropriate when the court has obviously misapprehended a party's position'" *Madison River Mgmt. Co. v. Bus. Mgmt. Software Corp.*, 402 F. Supp. 2d 617, 619 (M.D.N.C. 2005) (citations omitted). See also, *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (Motion for reconsideration "appropriate where the court has misapprehended…a party's position"); *accord, Regents of the Univ. of New Mexico v. Knight*, No. CIV 99-577 JC, 2003 WL 26475526, at *1 (D.N.M. Aug. 8, 2003).

August 25, 2010. MSPJ p. 26 *et seq.* ("Issue No. 5"), and; Whether the defendants violated plaintiff's First and Fourteenth Amendment rights by banning him indefinitely from attending APS board meetings.  MPSJ, p. 29 *et seq*. ("Issue No. 6").

By filing his motion for partial summary judgment, plaintiff sought to narrow the issues for trial to damages alone by establishing that the defendants had violated his rights as a matter of law.  Indeed, this Court, in its order granting in part and denying in part plaintiff's motion for partial summary judgment ruled that the Board's "personal attacks" policy was unconstitutional on its face and, as to one of the issues on which plaintiff sought summary judgment, ruled further that "no reasonable jury having viewed the video of the meeting could find under any plausible definition of personal attacks that Plaintiff personally attacked anyone during the November 4, 2009 Board meeting."  Opinion, p. 14.

Plaintiff respectfully submits that on this issue and on the other issues identified above (the "banning letter", the expulsion from the Audit Committee meeting, the expulsion from the November 4 meeting and the exclusion from the District and Community Relations Committee meeting), the only remaining issue is damages because the defendants' actions, as spelled out and analyzed in plaintiff's Motion for Partial Summary Judgment, violated Macquigg's rights as a matter of law because a) they were viewpoint and content-based, as this Court has held, and b) involved a ban on MacQuigg's future attendance and future speech.  Viewpoint discrimination is presumptively unlawful and can be saved only if a defendant provides a basis for its conduct that survives "strict scrutiny," which plaintiffs have not even attempted here.  No court has ever held any ban on future attendance at a public meeting survived *any* sort of scrutiny.  *See, e.g*., *Surita v. Hyde*, 665 F.3d 860, 870 (6th Cir. 2011) ("Because [defendant] excluded a speaker within the class to which the designated public forum was available his action is subject to strict scrutiny")

and *Ritchie v. Coldwater Community Schools*, 2012 WL 2862037, *12 (W.D. Mich. 2012), which establish that no ban on future attendance can survive constitutional scrutiny, at least on anything resembling the facts here. *See* MPSJ, *passim,* and pp. 31-33.

Furthermore, whether a restriction on speech based on viewpoint, or a prior restraint of speech through a banning order like this one, survives strict scrutiny is a question of law and not a question for a jury. *Cotter v. City of Boston*, 323 F.3d 160, 168 (1st Cir. 2003) ("Whether each proffered reason satisfies strict scrutiny is a question of law or a question of how the law applies to the facts; therefore, our review is plenary"); *Lomack v. City of Newark*, 463 F.3d 303, 307 (3d Cir. 2006) ("The existence of a compelling state interest, however, is a question of law that is subject to plenary review."); *accord, United States v. Bertucci*, No. 8:09CR84, 2009 WL 5214591, at *4 (D. Neb. Dec. 22, 2009).

Plaintiff will not restate the arguments that he submitted in his earlier motion. Rather, plaintiff requests that the Court reconsider plaintiff's motion for partial summary judgment in the light of plaintiff's intent, rather than as the Court understandably misapprehended it: That the individual defendants violated plaintiff's First and Fourteenth Amendment rights as stated in plaintiff's motion and that, as to those issues, the plaintiff is entitled to summary judgment, with the only matter remaining before the Court the issue of damages. As this Court has already found as to the expulsion from the November meeting, no reasonable jury could find that defendant Esquivel ejected plaintiff MacQuigg for the reasons Esquivel stated and, even if MacQuigg had somehow "personally attacked" Board members and had been banned for that reason, this court has found that the ban on personal attacks is itself unconstitutional. There is no reason to inflict the complexities, time and expense of a trial on liability on the Court, a jury, or

the parties. The defendants' behavior was undeniably violative of the First and Fourteenth Amendments and there is no reason for a trial on liability.

WHEREFORE, Plaintiff respectfully requests that the Court reconsider its ruling on MacQuigg's Motion for Partial Summary Judgment, address as "liability" issues rather than "declaratory judgment" issues the five issues raised by MacQuigg in his motion, and grant summary judgment on those issues against the individual defendants and the Board, with the remaining issue only damages.

Respectfully submitted,

FREEDMAN BOYD HOLLANDER
GOLDBERG URIAS & WARD, P.A.

*/s/ John W. Boyd*
John W. Boyd
Vincent J. Ward
20 First Plaza, NW, Suite 700
Albuquerque, NM  87102
(505) 842-9960
jwb@fbdlaw.com
vjw@fbdlaw.com

*Attorneys for Plaintiff*


**CERTIFICATE OF SERVICE**

I CERTIFY that on the 5th day of August, 2015, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel of record to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

*/s/ John W. Boyd*
John W. Boyd